AUGUST JACOBSON IMPLEADED WITH SAMUEL GUNZBERG V. SAMUEL MILLER.

*Leases—Circuit Court Rule 79—Res judicata.*

Under Circuit Court Rule 79, if one who is sued for rent, omits in pleading to deny on oath the execution of the lease, he cannot make any defense inconsistent with its execution.

An adjudication is conclusive in respect to (1) the subject matter of the litigation, and (2) the point of fact or law or both necessarily settled in determining the issue on the subject matter.

The subject matter of a litigation is the right which one party claims as against the other, and on which he demands the judgment of the court.

Adjudications upon the subject matter of a suit are conclusive wherever any question respecting it arises afterwards in a collateral suit, and in any new suit in which the pleadings put any part of it in issue; and this is so whether the adjudication was obtained on default, or whether all possible questions were raised on the trial, or whether it was correct in fact or law.

The execution and delivery of a lease may be made by the pleadings a distinct issue from the right to rent; as where the omission to deny it on oath admits the fact for the purposes of the case.

Where the execution and delivery of a lease are disputed in a suit for rent, the determination of the issue concludes the parties in any subsequent litigation involving the right to rent under the same lease.

Where the execution of a paper is admitted by failure to deny it on oath, it is expressly left outside the issue, and not being part of the subject matter of the suit, can be put in issue in other litigation on the same paper.

A defense cannot be withheld to be used in the retrial of a dispute respecting the same subject matter, when a single suit could end the whole controversy, but

One who is sued in respect to one subject matter is not precluded in any after litigation involving the same questions, though relating to a different subject matter, from introducing defenses not used in the former suit.

Where the execution of a paper is admitted for the purposes of the case by omitting to deny it on oath, a special finding that it had been executed would be surplusage, and a finding that it had not been, would be struck out as outside the issue.

It cannot be assumed, in order to support a judgment, that facts existed contradicting the record.

Error to Kent. Submitted April 11. Decided June 11.

ASSUMPSIT. Defendant Jacobson brings error.

*Simonds & Fletcher* and *E. S. Eggleston* for plaintiff in error. A former judgment is conclusive only as to facts distinctly put in issue and necessary to the judgment, Freeman on Judgments, §§ 257–272–3; the record of the former suit must show that the particular controversy to be concluded was necessarily tried and determined, or evidence *aliunde* consistent with the record may be received to show that the matter was necessarily and directly found by the jury, *Packet Co. v. Sickles*, 5 Wal., 580; *Wood v. Jackson*, 18 Wend., 107; *Lawrence v. Hunt*, 9 Watts, 64; Bigelow on Estoppel, 33, 34; *Cromwell v. County of Sac*, 94 U. S., 351; 4 Cent. Law Journal, 419; the judgment does not work an estoppel if there is any uncertainty in the record as to what was involved and decided, *Russell v. Place*, 94 U. S., 606; *Davis v. Brown*, id., 423.

*Taggart & Wolcott* for defendant in error. The record of a former judgment between the same parties is competent proof of the facts determined by it, Wharton's Evid., §§ 759, 819; *Wales v. Lyon*, 2 Mich., 276; *Barker v. Cleveland*, 19 Mich., 235; *Hazen v. Reed*, 30 Mich., 331.

COOLEY, J. Some time in the year 1877, but the precise time does not appear from this record, Miller brought suit against Gunzburg & Jacobson, in the circuit court for the county of Kent, to recover the amount of certain rents alleged to have accrued between October 15, 1875, and April 9, 1877, on a lease from himself to defendants, by which he demised to them certain premises in Grand Rapids, for the term of three years from the day first above named, at the annual rent of four-

teen hundred dollars, payable monthly in advance. The general issue was pleaded to the declaration, but there was no denial under oath of the execution of the lease. The failure thus to deny it precluded the defendants, under Circuit Court Rule 79, from disputing the execution on the trial, and the defendants could make such defense only as assumed that they had made the lease. On this point we refer to *Fish v. Hale*, 4 Mich., 506, where a statute similar in legal effect to the rule was passed upon.

Jacobson seems to have contested the case on the trial, and he put evidence in to show that Gunzburg alone occupied the demised premises, and not the two defendants. There is, perhaps, some disagreement between the parties regarding what he claimed from this evidence, and we pass it by with no further remark at this time. The trial resulted in a judgment for the plaintiff.

Miller afterwards brought another suit on the same lease, in which he sought to recover for rents claimed to have accrued between July, 1877, and April, 1878. This is the suit which is now before us on writ of error. Jacobson alone appeared and pleaded, and he accompanied his plea with an affidavit, in which he denied that he ever signed, executed or delivered the lease sued upon, or ever authorized any other person to do so for him. This affidavit under the rules made it necessary that the plaintiff should prove the execution of the lease.

By way of making this proof the plaintiff offered in evidence the files, the verdict and judgment in the former case. Defendant objected to them, but they were received; the judge being of opinion, as he subsequently instructed the jury, that "notwithstanding the lease was received in evidence in the former case without any evidence for or against it, by reason of its execution not having been denied under oath, yet that the judgment is certainly just as much a bar and a conclusive disposition of the question of the execution of the lease as if

the witnesses had then and there been sworn on both sides as to its execution; because the execution of the lease, if the recovery was had upon it, was a matter necessary to be disposed of in order to reach the conclusion."

The defendant Jacobson then offered to show a new arrangement by himself, as agent for Gunzburg, with Miller, made in December, 1875, by which the latter accepted Gunzburg as his tenant; but the court overruled the offer as being inconsistent with the judgment in the former case, which must have assumed the existence of the lease as a valid one up to the time when the rents accrued for which the judgment was given. An attempt was then made to show a surrender of the lease subsequent to the bringing of the former suit, but this failed, under the rulings of the judge, and the plaintiff again had judgment.

I. The principal question presented by this record is whether the circuit judge was right in holding that, by the former suit, the execution of the lease was conclusively established for the purposes of any subsequent suit for the recovery of rent claimed to have accrued under it. If he was, that is an end of the main controversy, for legal controversies are not to be suffered to be tried over and over, to the annoyance of parties, the disturbance of the community, the unnecessary absorption of the time of the court, and at an expense not less to the public than to the litigants.

The general principles which must govern the case are familiar. There are two matters in respect to which an adjudication once made may be conclusive: *first*, the subject matter involved in the litigation; *second*, the point of fact or of law, or of both, which was necessarily adjudicated in determining the issue upon the subject matter in litigation.

The subject matter involved in a litigation is the right which one party claims as against the other, and demands

the judgment of the court upon; as, for example, the right in ejectment to have possession of the lands; in assumpsit to recover a demand; in equity to have a mortgage foreclosed for an amount claimed to be due upon it, or to have specific performance of a contract, and so on. As respects this, if an adjudication is once had, and any question respecting it arises afterwards in a collateral suit, the adjudication will be held conclusive. It will also be conclusive in any new suit in which either party, by his pleadings, endeavors to put in issue and thus retry the subject matter of the former adjudication, or any portion thereof. Illustrations of the application of the principle are to be seen in *Barker v. Cleveland*, 19 Mich., 230, and *Hazen v. Reed*, 30 Mich., 331. The latter was a hard case, and ought to have been made an exception, if exceptions were admissible. A mortgagee had foreclosed his mortgage and taken decree without allowing a payment which had been made upon it. The mortgagor afterwards brought suit to recover back the amount of this payment; but as the suit in equity necessarily covered the question of what payments had been made upon the mortgage, the subsequent suit in assumpsit was only an attempt to retry the right of the complainant in the foreclosure suit to some portion of the sum for which the equity court had awarded a decree.

Nor, as regards the subject matter of the suit, is it of the least importance, when the question comes up again collaterally, whether the suit was contested or was suffered to go by default; whether, if it was contested, all the questions were raised by the pleadings, or upon the trial, that might have been raised; or whether the court was right or wrong in its conclusions upon the fact or upon the law. It is sufficient that the case proceeded to judgment according to the forms of law, and that the court rendered a judgment that by its terms or legal effect covered the controversy. In *Hazen v. Reed* there was no direct adjudication that defendant had or had not made the payment he afterwards brought forward, for the

reason that he assumed the complainant would allow it, and therefore made no defense; but as the sum paid was a part of the subject matter in controversy, and was necessarily involved in the question of the amount owing on the mortgage, he could not by his neglect to make defense in the first suit, entitle himself to separate from the first controversy something that was necessarily involved in it, and make it the subject of a new litigation.

The subject matter of the first suit between these parties was the right to recover certain rents alleged to have accrued upon the lease prior to April, 1877. Of course there could have been no rents if there was no lease, and therefore it is said that the right to rents in the first suit necessarily involved the existence of the lease and its execution by the parties sued. Assuming this to be correct, it may still be necessary to distinguish between the subject matter of the former suit, namely, the rents claimed, and the point involved in the right to them, namely, the execution and delivery of the lease. The plaintiff insists that the prior adjudication is conclusive as respects both; the defendant Jacobson insists that it is conclusive only as respects the sums for which judgment was recovered.

It is not denied by the defendant that if the execution and delivery of the lease had been disputed in the first suit, the determination of the issue would have been conclusive upon the parties in any subsequent litigation involving the right to rents under the same lease. The case would then have been within the principle of *Gardner v. Buckbee*, 3 Cow., 120, where a question entirely similar in its legal aspects was considered and passed upon.

But the execution of the lease was not denied in the former suit. No issue was made upon it, and the defendant, by not denying it, suffered a default in respect to it which left it wholly outside the issue made and actually passed upon. Consequently it was not and could not have been considered by the court as a point which in

that suit was open to controversy. The defendants, by their pleadings, made the actual existence of the lease an immaterial fact, and had the lease counted upon been a known forgery, the case must nevertheless have proceeded with its existence and genuineness admitted.

It is said, however, that the defendants in the first suit were at liberty to put the execution of the lease in issue, and that it was their duty to do so then if they proposed to contest it at all. This is upon the ground that public policy will not suffer the withholding of a defense with a view to further litigation, when a single suit might determine the whole controversy. This is no doubt true where the defense is sought to be made use of in the retrial of a dispute respecting the same subject matter of the former litigation. *Pierce v. Kneeland*, 9 Wis., 23, 31. The question now is, whether the proposition is applicable to a case where the subject matter of the second suit is different. In other words, where one is sued in respect to one subject matter, must he bring forward all his defenses, at the peril, if he fails to do so, of being debarred of them in any subsequent litigation which may involve the same questions, though relating to a different subject matter? We think not.

The precise point was before the Supreme Court of the United States in *Cromwell v. County of Sac*, 94 U. S., 351, 356, in which Mr. Justice Field, delivering the opinion of the court, says: "Various considerations, other than the actual merits, may govern a party in bringing forward grounds of recovery or defense in one action, which may not exist in another action upon a different demand, such as the smallness of the amount or the value of the property in controversy, the difficulty of obtaining the necessary evidence, the expense of the litigation, and his own situation at the time. A party acting upon considerations like these ought not to be precluded from contesting in a subsequent action other demands arising out of the same transaction. A judgment by default only admits for the purpose of the

action the legality of the demand or claim in suit; it does not make the allegations of the declaration or complaint evidence in an action upon a different claim."

There is an able dissenting opinion by Mr. Justice Clifford in the same case, but it does not controvert the conclusion of the court on the point now under discussion. The dissenting judge was of opinion that the point on which the second suit was made to turn was in fact within the issue in the first suit, and that the unsuccessful party failed because he neglected to bring forward his evidence. If right in this, he was of course right in dissenting from the opinion of the court.

The case of *Howlett v. Tarte*, 10 C. B. (N. S.), 813, cited in the case last mentioned, is very similar in its facts to the case before us. That was an action for rent, under a certain written agreement, and the defendant pleaded that after the making of that agreement it was agreed between the parties that a tenancy from year to year should be created in substitution for the former tenancy under the agreement; that notice to quit was duly given, which notice expired at Michaelmas, 1858; that the defendant quitted accordingly, and that no rent ever became due from the defendant to the plaintiff, in respect of the premises, after the last mentioned day. To meet this defense the plaintiff relied upon a recovery for rent accruing after the day last named, in a suit in which this defense was not set up; but the court held the first suit to constitute no estoppel. Says WILLES, J. "The defense is good if true. It is quite consistent with the allegations on the record in the former action that this new matter is true. The defendant omitted to set it up on the former occasion; and the question is whether by allowing judgment to go by default, he is estopped as to that matter in every subsequent action at the suit of the plaintiff. It is an entirely novel proposition. * * It is quite right that a defendant should be estopped from setting up in the same action a defense which he might have pleaded, but has chosen to let the proper

41 MICH.—13.

time go by. But nobody ever heard of a defendant being precluded from setting up a defense in a second action, because he did not avail himself of the opportunity of setting it up in the first action."

The case of *Kelsey v. Ward*, 38 N. Y., 83, contrasts with these in the point now under discussion, while in its other facts it resembles them: It there appeared, as the case shows, that the questions of law and fact on which the defendants were relying "were involved and determined in favor of the plaintiff in an action brought by the present plaintiff against these defendants for the recovery of a previous quarter's rent for the same premises." This clearly brought the case within the general rule.

It is said by SANFORD, J., in *Dickinson v. Hayes*, 31 Conn., 417: "Verdicts and judgments are conclusive evidence of the facts which they profess to find, and which are necessary to uphold them, because those facts were properly in issue, were the subject of inquiry, and were upon such inquiry judicially determined. But in regard to facts about which the court could have made no inquiry, no inference can be drawn from its determination." Now the rule under which the first suit between these parties was put at issue provided that the plaintiff shall not be put to the proof of the execution of a written instrument declared upon unless its execution is denied by the defendant under oath. Pleading the general issue, without such denial, the defendant could contest only those matters which were consistent with the execution of the lease. The narrow issue excluded that fact, and for the purposes of the suit conceded it. *Peoria etc. Ins. Co. v. Perkins*, 16 Mich., 380, 384. Had the jury returned a special verdict, finding among other things that the lease had been executed, that portion of the finding would have been surplusage, and had they negatived its execution, the negation would have been stricken out as being outside the issue. But if the fact was one with which neither court nor jury could con-

cern itself in the former case, it must be one that the judgment does not conclude, except so far as is necessary to uphold that judgment. It was admitted for the purposes of that controversy, but not for the purposes of any other.

Cases may be found which are inconsistent with these views, and equally, as we think, inconsistent with principle. *Collins v. Bennett*, 46 N. Y., 491, applies the rule of conclusiveness under somewhat singular circumstances. In that case Collins was sued by Bennett to recover compensation for the keeping of a horse. Collins set up, by way of defense, that Bennett had converted the horse to his own use. On demurrer the defense was held insufficient, and Bennett had judgment. Collins then brought suit for the conversion of the horse, and it was held he could not recover because the prior judgment had judicially established, as between the parties, that the plaintiff in that suit had properly cared for the horse, "and had not converted him to his own use." But the demurrer admitted that the plaintiff had converted the horse to his own use, and only denied that the fact constituted a defense. It is therefore obvious that the judgment sustaining the demurrer could not judicially have determined that the fact it conceded was unfounded. It is true that, as the court say, the conclusion that the conversion constituted no defense was erroneous, but we cannot assume, for the purpose of supporting a judgment, the existence of a state of facts in contradiction of the record; we must support it upon the record, however clear it may be that the conclusion was erroneous. The judgment not appealed from must stand, with all its errors: we can import into it no adjudication the court never made, merely because it ought to have made it.

II. If on a new trial, which must now be ordered, the plaintiff shall fail to establish the execution of the lease, no question can arise of subsequent surrender; but if the lease shall be proved, the question of surrender may

then become important. It is claimed on the one side, and denied on the other, that this question was fully gone into on the former trial. Whether it was or was not is not made very clear by this record, and the facts will probably be further developed on a new trial. Some of the evidence bearing on this question related to transactions which took place after the first suit was brought, and which, therefore, could not be affected by the judgment in that suit. Among other things, the defendant claimed to have shown that plaintiff received the key of a store from Gunzburg, and then offered it for rent, and he asked upon this two instructions: *first*, that the facts showed a surrender and acceptance of the store; and *second*, that the facts tended to show such a surrender and acceptance. An error is assigned upon the refusal of the judge to give these instructions.

Upon this part of the case we need only say now that the facts relied upon to establish a surrender are not conclusive in their nature, but are liable to be qualified by other facts which might limit their significance or take it away entirely. The conclusion to be drawn from them must be one of fact, and as we cannot anticipate what circumstances will appear on a second trial, we cannot in advance determine what instructions will be proper and suitable upon them.

The judgment must be reversed, with costs, and a new trial ordered.

CAMPBELL, C. J., and MARSTON, J., concurred.

GRAVES, J. (concurring). This record raises an important question under that feature of our practice, which concerns denial on oath of instruments put in suit, and it is whether in case of judgment for the plaintiff on an instrument within the rule, where the defendant has not made such denial and no inquiry has been had concerning the genuineness of the instrument, the defendant in case of another action against him

on it by the plaintiff, is to be deprived of the benefit of the rule allowing the denial, and to be held estopped by the first judgment from questioning the execution of the instrument.

I am inclined to think no such effect can be given to the prior case. It appears to me that as to this question the effect is the same as though it was affirmed by the record that the parties proceeded to trial in the first cause under a rule by consent that such cause should be decided on grounds entirely independent of the question of due execution of the instrument.

I concur with the other members of the court.