SHIRLAND ET AL V. THE UNION NAT. BANK OF MASSILON, OHIO.

1. **Estoppel:** JUDGMENT BY DEFAULT: HOW FAR CONCLUSIVE. A judgment rendered against the defendants in a cause, upon their default, is conclusive upon them as to those rights only which were assailed by the petition, and which they were thus called upon to defend.

2. **Homestead:** ABANDONMENT: FACTS NOT CONSTITUTING. The evidence in this case considered, (see opinion,) and *held* not sufficient to establish the abandonment by plaintiffs of their homestead.

*Appeal from Franklin Circuit Court.*

FRIDAY, OCTOBER 24.

ACTION in equity to enjoin the sale on execution of a certain forty acre tract of land, on the the ground that the property is exempt as the homestead of plaintiffs. The judgment of the circuit court was for plaintiffs, and defendant appeals.

*McKenzie & Hemingway*, for appellant.

*William Hoy* and *Taylor & Evans*, for appellees.

REED, J.—The petition alleges that the plaintiff, Martha A. Shirland, became the owner, in 1878, of a farm of one hundred and sixty acres, and that the forty acres in question was occupied by her and her family as a homestead in the spring of 1879, and has been so occupied ever since, and that it was so occupied when the debt on which defendant's judg-

ment was rendered was contracted.   It also alleges that, before defendant's judgment was rendered, she mortgaged said farm to one Wesley Mott, and that Vroman & Sale obtained a judgment against her, which was a lien on the whole of the premises, and which was assigned to said Wesley Mott, and that defendant, after it obtained its judgment, instituted a suit in equity against said Mott and plaintiffs, alleging that said mortgage was without consideration, and was given for the purpose of defrauding the creditors of plaintiffs, and that said judgment was in fact paid off and discharged by plaintiffs, but that they procured it to be assigned to Mott for the same fraudulent purpose, and praying that said mortgage and judgment be adjudged to be fraudulent and void, and to constitute no lien or incumbrance on said premises.   It is also alleged that plaintiffs made no defense to said action, and that a judgment was entered therein, finding that the allegations in the petition, with reference to said mortgage and judgment, were true, and adjudging that the same were fraudulent and void, and constitute no lien on said premises, and ordering that the whole of the premises be subjected to the payment of defendant's judgment, free and clear of all claim or lien of said Wesley Mott, and that defendant now claims that the effect of this judgment is to subject the whole of said farm to sale in satisfaction of said judgment, without regard to plaintiffs' homestead right, and has caused execution to be levied on the same, and will sell the whole of it, unless prevented.

Defendant admits that plaintiffs occupied the portion of the premises in controversy as a homestead at the time the debt was contracted on which its judgment was obtained, but denies that she has continued to occupy the same since that time, and denies that it is now exempt as a homestead.   It alleges that the judgment in the action against Mott and plaintiffs is an adjudication of the rights of the parties with reference to the claim now made.   It also alleges that there are valid liens on that portion of the farm not claimed by plaintiffs as their homestead, which are superior to the lien of its judg-

VOL. LXV—7

ment, and are sufficient in amount to consume the same, so that the portion claimed as a homestead is the only portion of the farm from which it will be able to realize anything on its judgment; and that it expended a large amount of money in the action for removing the apparent lien of the Mott mortgage and judgment; and that, as plaintiffs were parties to that suit, and had an opportunity to assert therein their right of homestead, and neglected to assert it, they are now estopped to claim that the property is exempt as a homestead. The evidence shows that plaintiffs have not lived on the premises continuously since defendant's judgment was rendered. The questions presented by the record, then, are—— *First*, whether the judgment in the former action is an adjudication of plaintiffs' right of homestead in the premises; *Second*, whether plaintiffs are estopped from claiming now that the premises are exempt as a homestead, by their failure to assert their homestead right in the former action; and, *Third*, whether they have forfeited their right of homestead by the abandonment of the premises.

I.   In determining the effect of the former judgment, it is necessary to refer to the pleadings on which it is based, and 1. ESTOPPEL: consider the subject-matter of the controversy as judgment by default: how shown by the pleadings, as well as the language far conclu- sive. of the judgment itself. The judgment was entered by default, and the only pleading in the case was the petition. It was alleged in the petition that the mortgage given to Wesley Mott was given without consideration, and was executed for the sole purpose of hindering, delaying and defrauding plaintiffs' creditors in the collection of their debts. It was also alleged that the judgment in favor of Vroman & Sale was in fact paid off by plaintiff, but was, by her request, assigned to Mott, without any consideration, and for the purpose of having said farm sold on execution issued thereon and bought in by Mott, and the title thereto held by him in trust for plaintiff. These were the only wrongs complained of in the petition, and the relief demanded was " that said mort-

gage be set aside, canceled, and held for naught; also that the lien of said judgment to Vroman & Sale be declared subsequent to complainant's, and that the execution sale or other proceedings thereunder be declared fraudulent and void and of no effect as against complainant's judgment; that said northwest quarter of 17–91–21 be subjected to the payment of complainant's claim, free and clear of all claim of said Wesley Mott;" and the judgment is in substantially the language of this prayer.

We think it very clear that this judgment is not an adjudication of plaintiffs' homestead right in the premises. The judgment of a court of competent jurisdiction is conclusive on the parties as to all points directly involved in it and necessarily determined, but is conclusive as to none others. *Haight v. City of Keokuk,* 4 Iowa, 199; *Delany v. Reade,* Id., 292. The homestead right of plaintiffs in the premises was in no manner questioned in the proceedings. No complaint is made in the petition with reference to the subject of that right, and no relief is asked as against it. The only complaint related to the fraudulent mortgage and the judgment, which had in fact been satisfied, and the only relief demanded was that the premises be subjected to defendant's judgment, free and clear of all claim in Mott's favor under said mortgage and judgment; and the judgment does not undertake to give any relief except as against the mortgage and judgment complained of. We think it clear that the only questions concluded by it are those which relate to said mortgage and judgment.

II. We think it clear, also, that plaintiffs are not estopped from asserting that the premises are exempt as their homestead, by reason of their failure to plead that right in the former case. As we have seen, their right in that respect was in no manner questioned in that proceeding, and no relief was demanded with reference to it. They were, therefore, not called upon to assert it. It was not attacked, and they were not called upon to defend it; and we do not see

that the case comes within any principle of the law of estoppel.

III. The evidence shows that plaintiffs moved into the place in March, 1879, and that they cultivated it that year. Plaintiff, S. G. Shirland, is a millwright by trade, and about the first of June, 1880, he left home for the purpose of working at said business. He went to Le Grand, in Marshall county, and was employed there for one year. The other plaintiff remained on the farm with their only child (a son) until the next February, when she also went to Le Grand for the purpose of boarding the son while he should attend school at that place. She rented the farm to a party who occupied the dwelling-house, in which, however, she retained the use of two rooms, where she kept the greater part of her household goods. The family lived together and kept house at Le Grand until about July, 1881, when the husband went to Marshalltown, where he worked at his trade for nine months, when he returned to Le Grand. The wife and son remained there during his absence. On his return, he found employment at his trade, and, as we understand the evidence, the family continued to reside there until this suit was instituted. During all the time of their absence, they retained the use of a portion of the dwelling-house on the farm, and kept there the greater part of their furniture and household effects. We think the evidence shows that there was no intention to abandon the homestead finally, and that their absence from it was but temporary. The husband was away pursuing his ordinary business, and the wife, that she might board and be with the son while he was attending school, and the intention of both was to return to it when the purpose for which they went away was accomplished. Under these circumstance, it is very clear that they did not forfeit their homestead right. See *Fyffe v. Beers*, 18 Iowa, 4.

*2. HOMESTEAD: abandonment: facts not constituting.*

The judgment of the circuit court is

                                                    AFFIRMED.