WHITE v. CUTHBERT et al.

(Supreme Court, Appellate Division, First Department. November 13, 1896.)

1. EQUITY—RELIEF FROM ONE'S OWN FRAUD.
   Neither law nor equity will relieve a plaintiff who states in his complaint that he gave his note without consideration to defendants, and had them issue an attachment thereon to prevent a suit by his bank, though he alleges the bank had no valid claim against him.

2. CANCELLATION OF INSTRUMENTS—REMEDY AT LAW.
   An action will not lie to cancel a note, or for any relief which the parties could have obtained in a former action on the same note.

Appeal from special term, New York county.

Action by Abraham White against Edward B. Cuthbert and others to recover the sum of $1,000 paid by plaintiff under an agreement by defendants to sell to plaintiff certain premises in New York City, and also to recover the expense to which plaintiff was put in the examination of the title. From an order granting plaintiff's motion for judgment on the demurrer of defendants, as frivolous, and directing judgment for the relief demanded in the complaint, defendants appeal. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

E. H. Ball, for appellants.
Franklin Bien, for respondent.

O'BRIEN, J. The complaint, in substance, alleges that on March 10, 1896, the plaintiff, at the request of the defendants, made and delivered a note under an agreement as therein set forth, which note was without consideration; that plaintiff had certain controversies with the Hancock National Bank, and plaintiff, being in business here, and fearing that trouble would arise by the bringing of an action by said bank (although plaintiff claimed that the bank had no claim against him), consulted with defendants, and at their request the note was made and delivered, and an attachment procured, so as to prevent anything being done, and under the further agreement that, after protecting plaintiff, defendants would return the note on demand, and in no event enter judgment thereon; that accordingly the note was made and delivered, and

an attachment was issued, and served on a bank where plaintiff had certain securities; that thereafter the Hancock National Bank brought an action against the plaintiff and others, in which an injunction was issued; that the injunction was vacated and set aside, and thereafter the plaintiff demanded of defendants the return of the note under the agreement, which they refused to do, and that this plaintiff (who was the defendant in the action brought by these defendants against him on such note) interposed an answer; that the action was duly tried, and a jury rendered a verdict in favor of this plaintiff, to the effect that these defendants had no claim to said note, and that the same was utterly null and void; that a judgment was entered accordingly, and a copy served in the manner required by law, and that the time to appeal has expired, and no appeal has been taken; that plaintiff demanded a return of the note, but they refused to return it, and are still in the unlawful possession thereof, and have converted the same to their own use, to the damage of this plaintiff in the sum of $10,000; that plaintiff is entitled to the immediate possession of the note. And plaintiff demands that the defendants be compelled to surrender it for cancellation, and other relief. A demurrer was interposed upon the ground that, upon the face of the complaint, it did not state facts sufficient to constitute a cause of action. A motion made on the pleadings for judgment on the demurrer as frivolous was granted, and from this order the appeal is taken.

To support the demurrer, three grounds were urged: First, it appearing from the complaint that the parties entered into an alleged fraudulent transaction to injure the Hancock National Bank, neither law nor equity will interfere to relieve the plaintiff, as against the defendants, from the consequences of his misconduct; second, that in the action between the same parties the identical note sought to be canceled was sued upon, and, judgment having been rendered in favor of the plaintiff, the court will not entertain another suit between the same parties, upon the same cause of action, for any relief which the plaintiff might have obtained in the former action; and, third, that suit cannot be entertained in equity for the cancellation of an overdue note, to which there is a perfect defense at law. We think this position was well taken, and that the demurrer was not frivolous.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.