## CANNON v. CASTLEMAN.

[No. 20,262. Filed January 14, 1904.]

CONTRACTS.—*Defenses.*—*Fraud.*—*Res Judicata.*—In an action to recover the amount plaintiff was required to pay in a former action against him, on a contract, on the ground that he was induced to enter into the contract through fraud, and that the question of fraud was not litigated in the former action, it will be inferred, as against the pleader, there being no averment to the contrary, that plaintiff, with a full

knowledge of the existence of the defense of fraud at the time he was sued on the contract, purposely omitted to assert such defense.   *pp. 7–9.*

Judgment.—*Res Judicata.*—A party against whom a cause of action is alleged can not deliberately withhold a direct defense thereto, and afterwards recover in an action which involves an inquiry into the correctness of the original judgment.   *p. 8.*

From Starke Circuit Court; *T. E. Howard,* Special Judge.

Action by Jacob A. Cannon against Andrew O. Castleman. From a judgment for defendant, plaintiff appeals. Transferred from Appellate Court, under §1337u Burns 1901. *Affirmed.*

*J. A. Cannon,* for appellant.
*J. W. Nichols* and *W. A. Foster,* for appellee.

Gillett, C. J.—Appellant's complaint in this action charges, in effect, that he was induced to enter into a contract with appellee through the fraud of the latter; that suit was afterward brought by appellee against appellant on said contract in a court of competent jurisdiction; that the cause was tried upon the complaint and a general denial, and resulted in a judgment for appellee, which was affirmed on appeal to the Appellate Court of this State; that appellant has been compelled to pay the sum of $1,700 in the satisfaction of said judgment, and for expenses in and about his defense. A demurrer was sustained to appellant's complaint, and from the final judgment which followed said ruling he prosecutes this appeal.

It would be difficult to determine the theory of the complaint in question were it not for the statement of appellant, who appears in his own behalf, that he relies upon the proposition that the question of fraud could not have been lititgated in the former action under the issues as they were actually framed. We infer, as against the pleader, since the complaint does not contain an averment to the contrary, that appellant, with a full knowledge of the existence of the defense of fraud at the time he was

sued on the contract, purposely omitted to assert such defense.

The doctrine of *res adjudicata* is broader than appellant apprehends. A party against whom a cause of action is alleged can not deliberately withhold a direct defense thereto, and afterwards recover in an action which involves an inquiry into the correctness of the original judgment. *Fischli* v. *Fischli*, 1 Blackf. 360, 12 Am. Dec. 251; *Crosby* v. *Jeroloman*, 37 Ind. 264; *Bates* v. *Spooner*, 45 Ind. 489; *Richardson* v. *Jones*, 58 Ind. 240; *Craighead* v. *Dalton*, 105 Ind. 72; *Lieb* v. *Lichtenstein*, 121 Ind. 483; *Kingman* v. *Paulson*, 126 Ind. 507, 22 Am. St. 611; *Cohee* v. *Baer*, 134 Ind. 375, 39 Am. St. 270; *Maynard* v. *Waidlich*, 156 Ind. 562; *State, ex rel.,* v. *Board, etc., post*, 580; *Cromwell* v. *County of Sac*, 94 U. S. 351, 24 L. Ed. 195; *Marriott* v. *Hampton*, 7 Durn. & East 265; *Henderson* v. *Henderson*, 3 Hare 100, 115; *Thatcher* v. *Gammon*, 12 Mass. 268; *Bishop* v. *Baldwin*, 14 Vt. 145; *Tilton* v. *Gordon*, 1 N. H. 33; *Holden* v. *Curtis*, 2 N. H. 61; *Bruen* v. *Hone*, 2 Barb. 586; *White* v. *Ward*, 9 Johns. 232; *Loomis* v. *Pulver*, 9 Johns. 244; *Canfield* v. *Monger*, 12 Johns. 347; *Battey* v. *Button*, 13 Johns. 187; *Heath* v. *Frackleton*, 20 Wis. 320, 91 Am. Dec. 405; *Ryan* v. *Southern, etc., Assn.*, 50 S. C. 185, 27 S. E. 618, 62 Am. St. 831; *Jones* v. *Merrill*, 69 Miss. 747, 11 South. 23; *Peet & Co.* v. *Hatcher*, 112 Ala. 514, 21 South. 711, 57 Am. St. 45. Although not clearer in principle than most of the above authorities, especial attention is called to the following cases: *Gilmore* v. *McClure*, 133 Ind. 571; *Le Guen* v. *Gouverneur*, 1 Johns. Cas. 436, 1 Am. Dec. 121; *Homer* v. *Fish*, 1 Pick. 435; *Livermore* v. *Herschell*, 3 Pick. 33; *New York Life Ins. Co.* v. *Weaver* (Ky.), 70 S. W. 628. Especially as applied to a case like this, where the *gravamen* of the action is the wrongful obtaining of a judgment in a suit in which the complaining party neglected his opportunity to set up such wrong as a defense,

does the observation found in the case last cited seem applicable—that a "litigant is entitled to one day in court, but not to two days."

Judgment affirmed.