CATTLEMEN'S TRUST CO. v. BLASIN-GAME. (No. 870.)[*]

(Court of Civil Appeals of Texas. Amarillo. Dec. 15, 1915. On Motion for Rehearing, Feb. 23, 1916. Second Motion for Rehearing Denied March 22, 1916.)

1. ACTION ⊗═69 — STAY — OTHER ACTION PENDING.

Where pending suit in O. county by B., the maker of two notes against C., the payee, to recover what B. had been compelled to pay the innocent holder of one of the notes, and to cancel the other, on the ground of fraud in the procurement of both, C. institutes action in T. county on the unpaid note, and obtains default judgment, and B. files a writ of error superseding the judgment, for the purpose of reviewing it, in F. Court of Civil Appeals, B.'s suit should, on plea of abatement, be postponed till determination of such writ of error; the court of T. county in proceeding to judgment without interposition there of plea in abatement becoming dominant in the litigation.

[Ed. Note.—For other cases, see Action, Cent. Dig. §§ 744–751; Dec. Dig. ⊗═69.]

2. JUDGMENT ⊗═568—RES JUDICATA.

Judgment by default for the payee suing on a note, when made final, is a bar to suit by the maker to cancel the note for fraud.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1013; Dec. Dig. ⊗═568.]

3. APPEAL AND ERROR ⊗═930(2) — PRESUMPTION—FOLLOWING INSTRUCTIONS.

It will be presumed on appeal that the jury followed instructions as to what facts they must find before finding verdict against defendant.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3757; Dec. Dig. ⊗═930(2).]

On Motion for Rehearing.

4. JUDGMENT ⊗═585(2)—RES JUDICATA.

Judgment by default for the payee in an action on a note is not a bar to a suit by the maker to avoid another note on the ground of fraud in the contract under which both notes were given.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1062–1064, 1067, 1073, 1093; Dec. Dig. ⊗═585(2).]

5. COURTS ⊗═121(6)—JURISDICTION—AMOUNT IN CONTROVERSY—PARTIAL ELIMINATION.

Where suit is brought by the maker of two notes, sufficient in amount to give the court ju-

risdiction, to cancel them, it is not deprived thereof by elimination of one of the notes by the payee thereafter instituting an action thereon and obtaining a default judgment.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 421; Dec. Dig. ☞121(6).]

Error to District Court, Ochiltree County; Frank P. Greever, Judge.

Suit by J. M. Blasingame against the Cattlemen's Trust Company. Judgment for plaintiff, and defendant brings error. Reversed and rendered in part, and in part affirmed.

A. H. Kirby, of Ft. Worth, for plaintiff in error. Newton P. Willis, of Canadian, and J. W. Payne, of Ochiltree, for defendant in error.

HENDRICKS, J. On April 16, 1914, the defendant in error, J. M. Blasingame, instituted suit against the plaintiff in error, the Cattlemen's Trust Company of Ft. Worth, in the district court of Ochiltree county, Tex., alleging that two certain promissory notes, one for the sum of $750, and the other for the sum of $250, executed and delivered by him upon a certain subscription contract for stock in said trust company, were obtained by fraud of the agent of said company, on account of alleged misrepresentations inducing the execution and delivery of said notes. The $250 note was made payable directly to the agent who solicited the subscription contract, and was transferred before the maturity of same to an innocent holder, on account of which Blasingame was compelled to pay the same on presentation. The $750 note was made payable directly to the trust company, and remained in the latter's possession. The defendant in error sued for the recovery of the money representing the compulsory payment of the $250 note, and interest, on account of the alleged fraud, and for the cancellation of the larger note upon the same ground.

On April 24, 1914, subsequent to the institution of Blasingame's suit in Ochiltree county upon the fraud as alleged, the Cattlemen's Trust Company sued Blasingame in the district court of Tarrant county on the $750 promissory note (which, in terms, was payable at Ft. Worth, Tex.), and thereafter, upon proper service, obtained judgment in the district court of said county for the full amount, principal, interest, and attorney's fees in said note, except a credit of $15 disclosed in said judgment. Blasingame failed to answer the trust company's petition upon said note in the suit in Tarrant county, but thereafter filed a writ of error bond superseding said judgment, for the purpose of reviewing the same by petition in error in the Court of Civil Appeals of the Second Supreme Judicial District at Ft. Worth. When this suit by Blasingame against the trust company, based upon the alleged fraud, was called for trial in the district court of Ochiltree county, the trust company, as defendant, in due order of pleading, presented a plea in abatement, setting up the institution of its suit upon the $750 note in Tarrant county, the judgment obtained thereon, exhibiting proper service, and the filing by Blasingame of the writ of error bond as a supersedeas of said judgment, also alleging the failure of Blasingame as to any defense in said suit, and further averring that the $750 note was one of the two notes executed by plaintiff as a part of the same transaction for the stock in defendant company, praying for abatement of this case, or, if not abated, that the trial of the same be postponed until the disposition of the other cause pending on writ of error in the Court of Civil Appeals to the Second Supreme Judicial District.

[1] The first assignment of error in plaintiff in error's brief is predicated upon the refusal of the trial court to abate or postpone the trial of the cause, as prayed for. Defendant in error asserts broadly that the trial court did not err in refusing to abate or postpone the suit, "because a prior suit for the same cause would not abate another suit in Texas." He cites authorities where, on account of two causes of action pending for the enforcement of the same right, it is suggested that a litigant will be compelled to elect upon which cause he will continue the enforcement of his rights, and that it is a matter of costs, and it is not a pure matter of abatement as at common law. Upon the suggestions in the decisions referred to that it is not a pure matter of abatement as at common law, but is a matter of election and costs, some of the Courts of Civil Appeals, in several decisions, have extended the doctrine to the extent that a subsequent suit for the same cause of action will not abate a prior suit.

The Austin court, through Justice Rice, in the case of Thomas Goggan & Bros. v. Morrison, 163 S. W. 122, refused to follow the logic of such opinions, stating that:

"If two suits between different parties could be maintained in different courts at the same time, involving the same subject-matter, the anomalous condition would be presented of one court ordering the performance of a certain thing which the other might forbid."

And the Ft. Worth court, by Justice Speer, in the case of Sparks v. National Bank of Commerce, 168 S. W. 48, referring to the Goggan Case, also condemned the consequences of such a position, saying:

"Not only does this rule [announced in the Goggan Case] avoid the evil of a multiplicity of suits, * * * which the law abhors, but it likewise avoids the possibility of conflicting judgments, thus producing interminable confusion and controversy."

And the Galveston Court, through Justice McMeans, in the case of Miller & Vidor Lumber Company v. Williamson, 164 S. W. 442, reviews practically all the authorities cited in defendant in error's brief, presenting the following illustration bearing upon the in-

tolerable condition resultant from the logic of such holdings: In that case the plaintiff and defendant in the two suits were reversed, and Justice McMeans, says:

"Suppose both suits should be tried in the respective courts in which they are brought, and the jury upon conflicting evidence should return a verdict for the plaintiff in each court, and a judgment rendered in accordance therewith should be entered; that thereafter the defendant in each suit should appeal, and the appellate court should hold on each appeal that, as the verdict was rendered oh conflicting evidence, and as the law was properly applied by the court in its charge, it was not authorized to disturb the judgment. Here we would have a judgment of two courts of co-ordinate jurisdiction, both affirmed, one of which would be for the plaintiff in each suit; or, in other words, both parties to the suit would have recovered a judgment for the same land. Which party then would have the better title? Their difficulties would be no nearer a solution than before the suits were begun."

Writ of error denied by the Supreme Court.

This record discloses that the defendant has procured a judgment upon a petition alleging the liability of Blasingame on account of the execution and delivery of a certain $750 note, the same note which Blasingame is attempting to cancel, after having failed to answer in the Tarrant county suit, which, in the event of a final determination upon appeal of the judgment upon the note against Blasingame in the Tarrant county suit, and upon an affirmance of this cause canceling the $750 note, as the Austin and the Galveston courts suggest, we would have the anomalous, and, we will add, the intolerable, condition of one court rendering a judgment in favor of an alleged right, and another court, in effect, rendering another judgment denying the same right; and, as Justice McMeans further interrogates, which of these judgments prevails? The defendant in error, however, says that the trial court did not err in refusing to abate or postpone the suit, "because the district court of Ochiltree county, having first acquired jurisdiction of the cause of action between the parties hereto, is entitled to maintain exclusive jurisdiction thereof, undisturbed by any other tribunal," citing numerous authorities, declaring the familiar principle. The authorities have no application to the condition of this record. Blasingame should have presented to the district court of Tarrant county a plea of pendency of another suit previously instituted, involving the same subject-matter, and on account of such failure the district court of Tarrant county not having been advised, of course, rendered a judgment upon the allegations of the petition. The Cattlemen's Trust Company did not perpetrate a fraud upon the jurisdiction of the court; it is more a question of lack of vigilance on the part of Blasingame.

In the case of Cook v. Burnley, 45 Tex. 97, where the holder of a judgment obtained in a suit instituted subsequent to the filing of a previous suit between the same parties, pleaded the subsequent judgment, as res adjudicata, against the maintenance of the suit formerly instituted, the contention was made that the bringing of the subsequent suit and the judgment rendered therein was fraud upon the jurisdiction of the court wherein the previous suit was pending and was void. The Supreme Court said:

"This position is certainly not tenable. For, though that might be a good plea if properly pleaded, and at the proper time, in abatement of the second suit, it is no defense to a judgment recovered in a suit brought since this one in a court of competent jurisdiction."

The principle of superior jurisdiction and dominancy of the Ochiltree district court in regard to the litigation is destroyed by the lack of vigilance of Blasingame and the rendition of the judgment upon the $750 note in the suit in Tarrant county. The latter court, in proceeding to judgment, becomes dominant in the litigation, at least upon the condition of this record until the determination of that suit in the appellate court upon that appeal. The litigation in Ochiltree county is subservient to that appeal. Of course, on account of the judgment having been superseded by the writ of error bond in the Tarrant county case, the question here is not one of res adjudicata, except argumentatively as one of future consequence, and of inconsistent judgments which might ensue, presenting anomalous and intolerable conditions where two cases involving the same subject-matter are finally determined.

[2] We take it that it would not be disputed but what the judgment upon the note, adjudicating the liability of Blasingame upon same, obtained in the Tarrant county district court, when made final, is a complete adjudication to the extent that Blasingame could not cancel the same note in another jurisdiction, having failed to present any plea in the former suit.

"The judgment of foreclosure obtained by appellee against appellant on the notes given for the purchase money of the thresher would operate as a bar of his right to rescission, but not of his remedy for a breach of warranty." Standefer v. Aultman & Taylor Machinery Co., 34 Tex. Civ. App. 160, 78 S. W. 552.

In the case of Arnold v. Kyle, 67 Tenn. (8 Baxt.) 323, the higher court of chancery of Tennessee specifically held that a judgment at law upon a promissory note, though no defense was interposed, was a complete bar to an original bill attempting the cancellation of the same note in a court of equity on account of fraud, especially where the complainant, attempting to cancel the note, knew the fraud before the rendition of the judgment in the other court.

The following authorities, while not wholly upon the point, upon very similar conditions, though, sustain the principle. White v. Cuthbert, 70 App. Div. 220, 41 N. Y. Supp. 818; Bingham v. Kearney, 136 Cal. 175, 68 Pac. 597; Shaw v. Milby (Ky.) 63 S. W. 577; Cannon v. Castleman, 162 Ind. 6, 69

N. E. 455; Le Guen v. Gouverneur, 1 Johns. Cas. (N. Y.) 436, 1 Am. Dec. 121.

[3] The condition is presented upon this record as to the proper disposition of the case in this court. Some of the assignments in plaintiff in error's brief, upon a consideration of them alone, exhibit error. Plaintiff in error, however, submitted a requested instruction, which was given by the trial court, requiring the jury, in effect, to find every ground of fraud alleged in plaintiff's petition as true before they could find a verdict against defendant. The presumption is that the jury followed the charge of the court, and, that being so, there is one ground, at least, in plaintiff's petition, with evidence sufficient to sustain it, which the jury under this charge evidently found to be true, and which is not affected by plaintiff in error's assignments. In an ordinary case this condition would suggest the procedure by this court of an affirmance of a part of the case, and a definite disposition of another part, if the trial court had jurisdiction when it acted upon the whole case. It is suggested by plaintiff in error that we would be unable to affirm that part of the judgment of the trial court permitting the recovery by defendant in error of the sum of $250, and interest paid by him, on account of the question of jurisdiction. We do not decide that question. Aside, however, from this question of jurisdiction, upon mature consideration of this whole case, we are convinced that the district court should not have permitted the litigation over the $750 note merged in the judgment of the Tarrant county district court, and, if we attempted to affirm that part of the judgment based upon the payment of the $250 note, and should order the district court to suspend the hearing of that part of the case involving the $750 note, we would be ordering something which the district court originally could not have ordered. Such a judgment would not have been a final judgment. It might be said that, if the whole case in Ochiltree county is a more enlarged cause of action than that adjudicated in Tarrant, the pendency of another suit in which judgment has been rendered should not avail the plaintiff in error. We still, however, have the problem, left of the court's sitting and rendering two judgments, exemplified in this case (if the motion presenting the final determination of the Tarrant county judgment could be regarded), wherein one court cancels the very note upon which judgment has been rendered by the other and the first judgment finally determined and affirmed by the appellate court.

Plaintiff in error insists that, the merger into judgment of the $750 note being a part of an entire transaction, also producing the $250 note, said judgment, if finally determined, would not only be a bar to any litigation in Ochiltree county upon the $750 note, but further would be a bar to any proceeding involving the $250 note arising out of the same contract of subscription and the same transaction. We do not care to go that length without going into an extended discussion upon the point. If, however, the district court should not have litigated and adjudicated a part of plaintiff's cause of action set up in his petition, it would follow that it would have been its duty to have postponed the whole case on account of the condition produced by the lack of vigilance of Blasingame in not answering the suit in Tarrant county. It might be suggested that this court should reform that part of the judgment based upon the $250 note, and change the same into an interlocutory judgment for that amount. If the question of jurisdiction could be overcome in order to reach such a procedure, and upon the suggestion that this court could and should do what the district court should have done, we can find no precedent for such a course. It would be a precedent permitting a district court to carve out of a petition and litigate a part of same for the purpose of entering an interlocutory judgment, and then postpone the balance of the cause, retry the same at some other time upon the same issues upon the remainder of the cause of action, and then render a final judgment upon the whole case, whatever the disposition by the Court of Civil Appeals at Ft. Worth. Courts do not sit to try a case in "piecemeal."

Plaintiff in error presents a motion in this court exhibiting the final determination for the appeal from the Tarrant county district court's judgment, praying for a dismissal of the whole suit in Ochiltree county, on the theory that the subject of controversy between these parties has ceased to exist; that, the main part of this suit having been eliminated, it is shown to this court that the Ochiltree county district court has nothing to litigate, for the reason that the remainder of the demand is not within the jurisdiction of that court. A proposition of this character brings in its train an extended investigation upon our part into a question not briefed here, whether, upon any supposable theory, by amendment, setting up facts as allegations of excuse for not answering the suit in Tarrant county, the plea of res adjudicata could be avoided, and whether such a proceeding should be remitted to the court in which the judgment was rendered. We overrule the motion. This same motion does show, however, if we could regard it, that since this case has been brought here this plaintiff in error has attempted to execute his judgment; another suit has been filed by Blasingame; the Court of Appeals at Ft. Worth has issued a writ of prohibition against the district judge of the Thirty-First judicial district from interfering with the judgment in those forums; and we have the almost "interminable confusion and contro-

versy" spoken of by Justice Speer, which concretely exemplifies the rule contended for by appellee in producing results.

With the lights before us we think the proper disposition of this case is to reverse and remand upon the whole case. It may be that the final working out of the rights of the parties will operate as a hardship. If so, the condition, as presented upon this record, is one created by defendant in error. We are convinced that the rule declared, upon the condition of record here, is the safe rule, grounded upon a sound public policy. The whole case, upon plaintiff in error's plea in abatement, should have been postponed until the determination of the case in the Court of Civil Appeals at Ft. Worth upon the Tarrant county judgment.

A discussion of plaintiff in error's other assignments is probably unnecessary.

The cause is reversed and remanded.

### On Motion for Rehearing.

[4] The turn of this case upon rehearing requires a decision of the questions of res adjudicata, and of jurisdiction, each rather complicated, as applied to the condition of the record.

The defendant in error, in his motion for rehearing, admits that the holding on the original hearing as to the Tarrant county judgment on the $750 note ends the matter against him as to that phase of the litigation. He asks that the former order, reversing and remanding the case as a whole, be set aside, and for an affirmance of that part of the judgment for the $250 recovered by him, and that this court reverse and render against him the judgment of the trial court canceling the $750 note. The $750 note upon which judgment was rendered in the district court of Tarrant county against Blasingame was a part of the same transaction with the execution and delivery of the subscription contract and the $250 note which Blasingame was required to pay, the amount of which payment he was permitted to recover in the district court of Ochiltree county against the Trust Company. The issue of fraud which permitted a recovery of the $250 against the trust company in the suit in Ochiltree county would have defeated the $750 note, if it had been interposed and successfully maintained against the latter note in the suit in Tarrant county. We do not think that the question of fraud as a litigated issue properly belonged to nor was within the scope of the litigation in the Tarrant county suit, the petition containing the usual allegations for recovery upon a promissory note, the judgment being one by default.

Plaintiff in error cites the case of Town of Beloit v. Morgan, 7 Wall. 619, 19 L. Ed. 205, as "peculiarly apt under the facts of this case." Analyzing the material facts in the majority and dissenting opinions in the case of Cromwell v. Sac County, 94 U. S. 351, 24 L. Ed. p. 197, as basis for the majority opinion, it would seem, on principle, in attempting to apply each case to this record, that the Morgan Case is robbed of its legal significance as an authority, both cases decided by the Supreme Court of the United States.

The Beloit-Morgan Case involved a judgment by default upon certain bonds. The same defendant, the city of Beloit, attempted to enjoin Morgan in a subsequent suit from proceeding in certain suits upon other and different bonds, but of the same series and held by the same title and owner as in the previous suit. The court said:

"All the objections taken in this case might have been taken in that. * * * Under such circumstances a judgment is conclusive, not only as to the res of that case, but as to all further litigation between the same parties touching the same subject-matter, though the res itself may be different. * * * A party can no more split up defenses than indivisible demands, and present them by piecemeal in successive suits growing out of the same transaction."

The court also held the bonds were required to be paid under a subsequent statutory enactment.

In the case of Cromwell v. Sac County a party was the owner of four bonds of the county, to which were attached numerous coupons. The first suit was upon some of the coupons, and the question was one of innocent purchaser. The county answered that the bonds originated in fraud, and it seems that the plaintiff failed to prove that he paid value. The second suit was on the four bonds owned by the plaintiff and four coupons for interest attached thereto. In that cause plaintiff proved that he was an innocent purchaser, and the headnotes written by Justice Field as reflecting the opinion in part state:

"* * * Where the second action between the same parties is upon a different claim or demand, the judgment in the prior action operates as an estoppel only as to those matters in issue or points controverted, upon the determination of which the finding or verdict was rendered."

Justice Field does not comment on the case of Town of Beloit v. Morgan, though Justice Clifford, the dissenting judge, quotes therefrom, unless the following in the majority decision would be considered a difference of opinion affecting the Beloit Case:

"A judgment by default only admits for the purpose of the action the legality of the demand or claim in suit. It does not make the allegations of the declaration or complaint evidence in an action upon a different claim. The declaration may contain different statements of the cause of action in different counts. It could hardly be pretended that a judgment by default in such a case would make the several statements evidence in any other proceeding."

Justice Cooley of the Supreme Court of Michigan, in the case of Jacobson v. Miller, 41 Mich. 90, 1 N. W. 1013, applying the Cromwell Case, went a considerable distance along that line. That cause involved a previous judgment for rent upon a lease contract, the defendants pleading the general issue, with-

out denying under oath the execution of the lease required under the statute of that state in order to put its execution in issue. In a subsequent suit upon the same lease Justice Cooley held the actual execution of the instrument could be litigated, saying:

"The execution of the lease was not denied in the former suit. No issue was made upon it, and the defendant, by not denying it, suffered a default in respect to it which left it wholly outside the issue made and actually passed upon. Consequently it was not and could not have been considered by the court as a point which in that suit was open to controversy. * * * It is said, however, that the defendants in the first suit were at liberty to put the execution of the lease in issue, and that it was their duty to do so then if they proposed to contest it at all. This is upon the ground that public policy will not suffer the withholding of a defense with a view to further litigation, when a single suit might determine the whole controversy. This is, no doubt, true where the defense is sought to be made use of in the retrial of a dispute respecting the same subject-matter of the former litigation. * * * The question now is whether the proposition is applicable to a case where the subject-matter of a second suit is different." 41 Mich. 90, 1 N. W. 1016, 1017.

The Supreme Court of Alabama held, in the case of Crowder v. Red Mountain Co., 127 Ala. 254, 29 South. 847, where a judgment was rendered by default for accrued interest upon a promissory note (the note stipulating annual installments of interest) it was not res adjudicata in a subsequent action, brought by the same plaintiff against the same defendant, to recover the principal sum due upon the note; the defendant pleading in the second suit a want of consideration for the note sued upon. To the same effect as to a judgment by default is the case of Unfried v. Heberrer, 63 Ind. 72. Also see Williams v. Williams, 63 Wis. 58, 23 N. W. 111, 53 Am. Rep. 253; Shirland v. First National Bank, 65 Iowa, 96, 21 N. W. 201.

The case of Adams v. Adams, 25 Minn. 72, is directly on the point. It involved a judgment by default upon one of several negotiable promissory notes founded upon the same illegal consideration, and it was held that, no issue upon the facts of consideration having been tendered by the petition, the defendant was not estopped from setting up in a second action upon another of said notes the defense of illegality of consideration. The Supreme Court of Minnesota said:

"The operative effect" of the default judgment as estoppel "in another action between the same parties upon another of said notes not directly involved, * * * though resting upon the same * * * consideration, is limited to the precise points which were then actually controverted, and to the matters which were embraced in the issue there tendered, upon the determination of which such judgment was rendered."

The case of Worth v. Carmichael, 114 Ga. 699, 40 S. E. 797, is directly in point. Where two notes were given upon a consideration arising upon the same transaction, a judgment by default rendered in favor of the payee against the maker upon one of such notes was not a bar in a subsequent action

to the defense of fraudulent representation. The court said:

"The rule is well settled that a judgment rendered in litigation between the same parties does not operate as an estoppel in a subsequent suit between them on a different cause of action, except as to such issues as were actually tried and determined in the former litigation; and the fact that the cause of action in the two suits arose out of one and the same transaction does not alter the rule."

The case of Andover Savings Bank v. Adams et al., 1 Allen (Mass.) 28, involved a previous judgment for the plaintiff in an action in installments of interest due on a certain note. Plaintiff also subsequently sued for the principal of the note, which had really matured when the former action was begun. Chief Justice Bigelow of the Supreme Court of Massachusetts said:

"The promises to pay the debt at one time and the interest at another are several, and afford distinct causes of action."

It is understood that we are not approving the principle as applied to the basis of facts in all the cases above cited, but the same are used argumentatively.

Justice Hurt said, in the case of H. & T. C. Ry. Co. v. Perkins, Adm'r, 2 Willson, Civ. Cas. Ct. App. § 520:

" * * * A judgment on one does not bar a new action on the other, unless by establishing some matter fatal to both."

The case of Moore v. Snowball, 98 Tex. 16, 81 S. W. 5, 66 L. R. A. 745, 107 Am. St. Rep. 596, the majority opinion of the Supreme Court holds that a suit to cancel a tax judgment of foreclosure upon land, on the ground that it is void, and the sale thereunder likewise void, is not res adjudicata in another suit between the same parties wherein the subsequent suit admits the validity of the judgment, but attacks the sale under the execution on account of irregularities and inadequate consideration.

If Blasingame had interposed the defense of fraud against the $750 note (it being a companion to the $250 note), and had not succeeded in the defense, the judgment upon the $750 note would present a different question. Gardner v. Buckbee, 3 Cow. (N. Y.) 120, 15 Am. Dec. 256, squarely on the point. The logic of plaintiff in error is that the judgment upon the $750 note merges the subscription contract in the judgment; hence the $250 note, a part of the same transaction, in so far as the particular defense is concerned is also merged. The fact remains, however, that in reality there was no such issue tendered, litigated, or decreed upon in the Tarrant county suit. It was outside the issue.

[5] It is asserted that, if the district court of Ochiltree county had sustained the plea in abatement, the court would not have had jurisdiction for the recovery of the $250. Plaintiff alleged that defendant's agent made false representations as to past dividends by the company. The evidence was sufficient to put it to the jury. The special charge submitted by defendant and given

by the court required the jury to believe all the allegations of fraud before a verdict could be rendered. Defendant's petition on the $750 note was filed subsequent to Blasingame's petition in Ochiltree county.

"All of the cases seem to concur in the proposition that the 'plaintiff's demand, as set out in his petition, and not the amount of the verdict, is, in general, the criterion by which to determine the question of jurisdiction.' * * * They likewise concur in the conclusion that the case should be dismissed for the want of jurisdiction 'when it appears that the plaintiff, in stating his demand, has improperly sought to give jurisdiction where it did not rightfully belong.'" Hoffman v. Building & Loan Ass'n, 85 Tex. p. 410, 22 S. W. 154.

Also:

"It is now the settled law in this court. [Supreme Court] that, although the amount claimed in the petition may be sufficient to give the court jurisdiction of the case, yet, if the facts alleged * * * show no cause of action as to such part of the whole sum sued for as to reduce it below the amount [on demurrer] for which the court has jurisdiction, the suit should be dismissed." Carswell v. Habberzettle, 99 Tex. 1, 86 S. W. 738, 22 Am. St. Rep. 597; Telegraph Co. v. Arnold, 97 Tex. 365, 77 S. W. 249, 79 S. W. 8.

The case of Railway Company v. Grayson County Nat. Bank, 100 Tex. p. 17, 93 S. W. p. 431, by the Supreme Court, is analogous. The bank asserted liens on three cars of wheat shipped over defendant's road, and claimed by plaintiff to have been unlawfully delivered to other parties. The original petition in the district court alleged the damages for wrongful delivery of the three cars at $1,641.45. Pending the litigation the railway company settled with the bank for two of the cars of wheat, which reduced the claim to $377.79 on the remaining car. The case was tried on an amended petition setting up this amount, and a motion to dismiss the case was made in the Supreme Court, on the ground that the district court had no jurisdiction over the amount in controversy in the amended petition. The Supreme Court said:

"The suit as made by the original petition being for more than $1,000, the district court alone has jurisdiction to try it. Where a plaintiff sues for an amount sufficient to give that court jurisdiction, the court may proceed to judgment, although the amount he is entitled to recover be found to be less than $500. In the absence of a plea to the jurisdiction averring that the sum claimed is fraudulently alleged for the purpose of giving jurisdiction to the court, the amount claimed as shown by the petition is 'the amount in controversy,' and fixes the jurisdiction. Where the court acquires jurisdiction by the original petition, it retains it to the end of the suit."

It is difficult at times to determine in which category, upon a question of jurisdiction, a case belongs, and which principle will control. Here the plaintiff, Blasingame, in the Ochiltree district court, filed a petition involving a subject-matter clearly within that court's jurisdiction. Thereafter the defendant in that suit, and, as shown by this record, after citation upon it, filed the suit on the $750 note in Tarrant county, recovering the judgment stated. We can see no difference in principle between the elimination of a part of a demand by settlement and an elimination of a part by subsequent judgment in a subsequent suit between the same parties, where rendered by default. There is no fraud in either case, and upon the influence of the case last cited, 100 Tex. 17, 93 S. W. 431, we think the district court of Ochiltree county could have litigated the allegations in plaintiff's petition for the $250.

The testimony complained of in appellant's brief, though it may have been erroneously admitted, did not affect the issue of false representation with reference to past dividends.

The motion for rehearing of defendant in error is granted. The judgment reversing and remanding this cause as a whole is set aside. That part of the judgment of the district court of Ochiltree county overruling plaintiff in error's plea in abatement in regard to the $750 note is reversed and rendered. The judgment for the defendant in error, Blasingame, for the recovery of the $250 is affirmed.