[No. 6979.]

## ORNAUER V. PENN. MUTUAL LIFE INSURANCE CO.

JUDGMENT—*Effect As An Estoppel*—Where an action in which the plea of *res judicata* is interposed is upon a different

demand from that presented in the action in which the judgment was given, such judgment operates as an estoppel only as to those matters which were in fact in issue; it does not extend to matters which might have been litigated and determined, but were not—(636).

The rule is the same, though the several demands grow out of the came contract—(637).

*Error to Denver District Court.*—HON. H. C. RIDDLE, Judge.

Mr. WILLIAM YOUNG, for plaintiff in error.

Messrs. PERSHING & TITSWORTH, for defendant in error.

Plaintiff in error brought an action to recover commissions on renewal premiums on certain policies of insurance procured by him while acting as a soliciting agent for the defendant in error under a contract of employment which provided, in substance, that in case of his resignation, death or removal, without having violated any of its terms and conditions, then he would be entitled to commissions on renewal premiums paid on policies of insurance which he had procured, at a rate and upon conditions thereinafter specified in the contract. In his complaint he alleged, in substance, so far as material to consider, that during the time he continued in the employment of the defendant under this contract he performed all conditions precedent on his part to be thereby performed.

To this complaint the defendant, by way of answer, interposed a general denial. At the trial the plaintiff claimed that he had voluntarily terminated his contract by resignation, without violation of any of its terms or conditions. The defendant sought to show that the contract was not, in fact, its contract, but the contract of the persons representing it as agents. It also sought to establish that the plaintiff could not recover because he

had violated certain terms and conditions of his contract of employment, for which he was discharged. Evidence to establish this defense was refused, upon the ground that it was not admissible under a general denial, and that in order to render it competent, it was necessary to specially plead in the answer the conditions of the contract and their breach, upon which the defendant relied as a defense in this respect. The court determined that the contract sued upon was the contract of the defendant company, and that plaintiff was entitled to recover certain commissions sued for, and rendered judgment accordingly. The defendant appealed from this judgment to this court, with the result that the judgment was affirmed.—*Penn. M. L. I. Co. v. Ornauer*, 39 Colo. 498.

On the subject of refusal of the trial court to admit testimony to prove non-performance by plaintiff of conditions with which he was required to comply under his contract, this court said, in substance, in speaking of the respective propositions advanced by counsel, that defendant contends the plaintiff is entitled to commissions only in the event of his resignation without having violated his contract or the rules of the company, and that under the general denial testimony to establish the remissness of plaintiff and his discharge should have been admitted; while, on the part of plaintiff it is claimed that if defendant wanted to rely upon non-performance, it should have, by way of an affirmative defense, alleged the conditions and breach upon which it relied. Speaking to these propositions, it was said, in substance, that where the performance of conditions precedent or subsequent in a contract are alleged in a complaint in the manner permitted by section 66 of the civil code, the defendant, if he relies upon non-performance, must allege the conditions on the non-performance of which he relies,

and negative their performance.

Pending this litigation, and subsequently, Ornauer commenced two additional actions against the company for premiums accruing subsequent to the date of the filing of the first complaint. These actions were upon the same contract involved in the first case. After the decision of this court in the first case, by leave of court, amended answers were filed in the subsequent actions, alleging, as an affirmative defense, the conditions of the contract of employment and their breach by the plaintiff. To these answers replications were filed, which pleaded that the judgment in the first case was *res judicata* of the affirmative defense interposed by the defendant in the second and third actions. On the issues thus presented, the cases were consolidated for trial. The trial was to the court. On consideration of the evidence, the court entered judgment for the defendant upon the express findings that the plaintiff had violated the terms and conditions of his contract of employment, as alleged in the answers, and, therefore, was not entitled to recover. Plaintiff brings the judgment here for review on error.

At the trial it was admitted that the case which went to the supreme court, to which we have referred, and the suits then being tried, were on the same contract, between the same parties, and that the complaints were practically the same, except where policies had lapsed or matured, or the insured had died, and except as to the amount sued for and dates of payment of the premiums on which plaintiff sued for commissions to which he claimed he was entitled in the cases on trial. The opinion of this court in the first case was read and introduced as evidence on behalf of plaintiff.

Mr. JUSTICE GABBERT delivered the opinion of the court.

Counsel for plaintiff in error contends that the court should have entered judgment in favor of plaintiff, for the reason that the plea of *res judicata* was established. In support of this proposition, it is urged that the adjudication of the first case was *res judicata* of all matters therein determined, and of all matters that might have been determined in that action. Hence, it is claimed that the failure of defendant in the first action to interpose the defense of the breach of the conditions of the contract involved precludes it from interposing such defenses in the cases under consideration. This is not tenable. As applicable to these cases, the rule of *res judicata* is that where the second action between the same parties is upon a different claim or demand, the judgment in the prior action operates as an estoppel only as to those matters in issue, or points controverted, upon the determination of which the judgment was rendered, and not as to other matters which might have been litigated and determined. —*Cromwell v. County of Sac,* 94 U. S. 351; *Davis v. Brown, ibid,* 423; *Russell v. Place, ibid,* 606; 2 Black on Judgments, section 614; 24 Ency. 784; *Grand Valley I. Co. v. Fruita Imp. Co.,* 37 Colo. 483; *Hickey v. Anheuser-Busch Brewing Assn.,* 36 Colo. 386; *Jacobson v. Miller,* 41 Mich. 90.

So that, in all cases where it is sought to apply the estoppel of a judgment rendered upon one cause of action to matters arising in a suit upon a different cause of action between the same parties, the inquiry must always be as to the issue actually litigated and determined in the original action, not what might have been thus litigated and determined in the original action, for it is only as to the former that the judgment is conclusive in another action. Each of the cases instituted by plaintiff

grew out of the same contract, but the demands, or causes of action, are different. In the first case the question of the discharge of plaintiff for a breach of the conditions of the contract was not controverted by the defendant, and not in issue between them. In fact, it affirmatively appears that at the instance of plaintiff the attempt on the part of the defendant to litigate it was prevented for the reason that under the pleadings it had not made any issue thereon. The judgment was in no sense based upon this question, in so far as it was based upon any issue or defense made by the defendant. In other words, in the first case it was not in issue, was not controverted, not contested, and not litigated or adjudicated, upon any defense interposed by the defendant; or, in brief, he did not interpose a defense which would permit him to litigate this question, and for that reason was not permitted to do so; consequently, it follows that in the cases under consideration the judgment in the first action did not estop the defendant from pleading and proving that defendant, by reason of a breach of the conditions of his contract, was not entitled to recover commissions upon the renewal premiums.

Counsel for plaintiff also contend that the evidence is insufficient to sustain the findings of the court upon which the judgments were rendered. We do not deem it necessary to go into a detailed examination of the testimony bearing on this question. That to which our attention is called appears to have been sufficient to sustain the finding of the court.

The judgment of the district court is affirmed.

*Judgment affirmed.*

Mr. JUSTICE MUSSER and Mr. JUSTICE HILL concur.