GEORGE TUDOR *v.* A. CROSBY KENNETT AND H. S. MUDGETT.

May Term, 1913.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, and POWERS, JJ.

Opinion filed October 13, 1913.

*Judgment—Conclusiveness—Matters Not in Issue—Defence in
    Former Action—Election—Reformation of Instruments—
    Bill—Sufficiency—Surrender of Instrument—Necessity.*

In a second suit between the same parties on the same claim, a judg-
    ment in the former suit, if upon the merits, concludes the parties
    not only as to every matter determined, but also as to every
    matter that might have been determined; but, where the second
    suit is on a different claim, the former judgment is conclusive
    only as to those issues actually controverted and determined.

Where there is a second suit between the same parties and some con-
    trolling fact or question determinative of each suit was adjudi-
    cated in the former, that adjudication, if properly presented, will
    be conclusive of the same question in the second suit, regardless
    of whether the cause of action is the same in both suits.

Where a buyer recovered judgment against the seller in an action of
    deceit wherein the bill of sale was admitted in evidence only by
    way of inducement, its validity being in no way questioned, the
    judgment in that action is not conclusive against the seller as to
    the validity of the bill of sale in a suit in equity to reform it and
    a release given at the same time in order to make them evidence
    the actual agreement.

In a suit in equity to reform a written agreement in order to make it
    evidence the actual agreement, on the ground that orator had been
    induced to sign the writing by the fraud of defendants, the fact
    that orator had defended a suit at law brought against him by
    defendants on the same agreement, without relying on that fraud,
    does not amount to an election to waive the fraud.

A bill in equity, praying for the reformation of a bill of sale and a
    release given orator by defendants at the same time, so as to
    make them evidence the actual agreement, and for an accounting
    on the basis of the reformed instruments, need not offer to sur-
    render the release.

APPEAL IN CHANCERY. Heard on demurrer to the bill, at the April Term, 1913, Windham County, *Butler,* Chancellor. Demurrer overruled; bill adjudged sufficient and taken as confessed. Decree for the orator. The defendant appealed. The opinion states the case.

*C. S. Chase* and *W. R. Daley* for the orator.

*Herbert G. Barber* and *Frank E. Barber* for the defendant.

MUNSON, J. The bill is brought to secure the reformation of a release and a bill of sale executed by the orator to the defendants, so that they may express the agreement actually entered into by the parties; and for an accounting of the matters to which these papers relate. The claim is that the orator, who cannot read, was induced to sign the papers by fraudulent representations of the defendants as to their contents.

The defendants demur to the bill, for that it appears by the averments thereof that the matters concerning which relief is sought have been finally determined and adjudicated in a suit at law between the parties. The judgment relied upon by the demurrants is the one affirmed, except as to damages, in *Kennett* v. *Tudor,* 85 Vt. 190, 81 Atl. 633. The orator's son was a defendant in that suit, having signed the papers with his father; but he had no actual interest in the property or business.

That suit was an action for deceit, in which the position of these parties was reversed; the claim being that the orator sold the property to the defendants herein with a representation that it was free from incumbrance, when in fact it was subject to two mortgages executed by the orator. The declaration alleged a transfer of the property to the purchasers by bill of sale, and the bill of sale was produced on the trial.

The defendants argue that inasmuch as proof of the sale was necessary to enable them to recover for deceit in the sale, the judgment recovered at law necessarily determines the validity of the bill of sale. The orator argues that the bill of sale was not in issue in the action at law; that while the plaintiffs therein were obliged to show their title to the property, and offered the bill of sale as evidence of it, the title was in no way questioned.

It is said in the note to *Reed* v. *Douglass,* 7 Am. St. Rep. 478, that the rule that a judgment is conclusive upon all questions which might have been litigated in the action is often asserted in general terms, and that its assertion in such terms is misleading.   In referring to the authorities, it is important to keep in mind the difference between cases where the second suit between the parties is upon the same claim or demand and those where the second suit is upon a different claim or demand.   In cases of the former class, the prior judgment, if upon the merits, concludes the parties, "not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose."   In cases of the latter class, the judgment in the prior action "operates as an estoppel only as to those matters in issue or points controverted, upon the determination of which the finding or verdict was rendered."  *Cromwell* v. *Sac County,* 94 U. S. 351, 24 L. ed. 195.

The suits in question here are so obviously for different causes of action that it seems unnecessary to refer specially to our cases relating to that feature of the subject.   In the former suit the cause of action was the fraudulent representation of the present complainant.   In this suit the cause of action is a fraud committed by the former plaintiffs.   But both the alleged frauds occurred in the same dealing, and have relation to the same instrument; and in view of this connection it will be well to give here an additional statement of the doctrine invoked.   When some controlling fact or question material to the determination of both suits was adjudicated in the former suit, and the same fact or question is again at issue between the same parties, its adjudication in the first suit will, if properly presented, be conclusive of the same fact or question in the second suit, irrespective of whether the cause of action is the same in both suits. *Blondin* v. *Brooks,* 83 Vt. 472, 76 Atl. 184.

It appears then that the question for decision is whether the bill of sale sustained such a relation to the former suit that the judgment therein in favor of the plaintiffs was a conclusive determination of its validity.   The fact that the defendants cite the *Cromwell* case in support of their claim suggests the possibility of different constructions of some of the expressions used in the second proposition above cited.   There certainly are cases which refer to matters as necessarily or essentially involved in

the judgment, or as affording the groundwork of the judgment, in a manner well calculated to divert attention from the fact that the fundamental requirement is the actual decision of a controverted matter. But the further treatment of the subject in the *Cromwell* opinion affords a sufficient commentary upon the rule as previously stated, if any is needed. A later statement of the court's position is, that the estoppel cannot extend "beyond the point actually litigated and determined."

The matter seems to have been sufficiently covered by our own cases. It is said in *Town* v. *Lamphere*, 34 Vt. 365—a case relating to distinct and independent claims—that "a verdict and judgment is conclusive evidence between the same parties in a subsequent suit, of whatever it was necessary for the jury to find in order to warrant the verdict in the former action, and no further." In *Wells* v. *Boston & Maine R. R.*, 82 Vt. 108, 71 Atl. 1103, 137 Am. St. Rep. 987, the action was trespass for ejecting the plaintiff from defendant's car. The plaintiff claimed that he had purchased and given up a ticket which entitled him to ride from Newport to Lyndonville; and it appeared that after his removal from the car he reentered it and rode to his destination, paying the amount of his fare between these points. The defendant did not deny that the plaintiff had purchased such a ticket, but introduced evidence to show that it had not been taken up. The plaintiff had previously brought assumpsit against the defendant to recover the money last paid and had obtained judgment, and this judgment was offered and received as conclusive evidence that the plaintiff was rightfully on the train at the time he was ejected. This Court recognized the fact that the plaintiff's right to recover in the prior suit depended upon whether he had previously paid for the same passage by a delivery of the ticket purchased, but considered that this question was not directly in issue in that suit, and that the defendant was not concluded by the adjudication.

Of the many cases in other jurisdictions we refer to one similar in some respects to the case in hand. In *Jacobson* v. *Miller*, 41 Mich. 90, 1 N. W. 1013, a lessor sued his lessees to recover certain accrued installments of rent. The general issue was pleaded, but there was no denial under oath of the execution of the lease. The failure thus to deny it precluded the defendants, under the rules of court, from disputing the execution on the trial, and they could make only such defences as assumed

that they had made the lease. The lessor afterwards brought another suit on the same lease to recover for rents subsequently accrued. In this case the lessee defending accompanied his plea with an affidavit denying that he had executed or delivered the lease, and it thereupon became necessary for the plaintiff to prove the execution. To establish this the plaintiff offered the judgment in the former suit, and it was received on the ground that the execution of the lease was a matter necessary to be disposed of in order to arrive at the judgment. It was argued on appeal that the right to rents in the first suit necessarily involved the existence of the lease and its execution by the parties sued; and the court after remarking that of course there could have been no rents if there was no lease, proceeded to say: "But the execution of the lease was not denied in the former suit. No issue was made upon it, and the defendant, by not denying it, suffered a default in respect to it which left it wholly outside the issue made and actually passed upon. Consequently it was not and could not have been considered by the court" as a point open to controversy. And again it was said: "If the fact was one with which neither court nor jury could concern itself in the former case, it must be one that the judgment does not conclude, except so far as is necessary to uphold that judgment. It was admitted for the purposes of that controversy, but not for the purposes of any other."

It is clear from these authorities that the orator is not precluded by the former adjudication from asserting the deception complained of. The bill of sale sustained no relation to the former suit, as tried, which made the judgment therein conclusive of its validity as regards a different cause of action. Its validity might have been litigated in that suit, but it was not. It came into the case merely as matter of inducement, and not as an element of the issue raised by the declaration. No question regarding it was presented to the court, and no fact regarding it was found by the jury. Its existence as a writing was shown by its production, and its existence as a valid contract was assumed. The fraud now alleged to have been committed in procuring its execution was not a controverted point upon the determination of which the verdict was rendered.

The demurrer raises the question whether the orator, having defended the suit at law with knowledge of the terms of the bill of sale and release, is now entitled to the equitable relief of

reformation.   If the orator, with knowledge of the fraud, had brought a suit upon the stipulations of the writings, this would doubtless have been an affirmance of the contract as therein presented.   But in this prior litigation the orator was acting on the defensive, and he could contest the claim then made by these defendants without occupying the ground which is the basis of his own equitable claim.   It is clear from the authorities that he had a right to refrain from presenting this matter as a defence, and avail himself of it in an independent proceeding. Having this right, his omission to present this additional defence in the suit at law cannot be treated as an election to waive the fraud.

Another ground of demurrer relied upon is the failure of the orator to offer to surrender the release executed to him by the defendants.   The bill does not pray for a rescission of the transaction and a cancellation of the defendants' evidences thereof, but for a correction of the writings held by the defendants and an accounting in accordance therewith; and this being the scope of the specific prayer, we think the bill is not demurrable for the want of an offer to surrender the release held by the orator.

*Decree affirmed and cause remanded.*