[No. 8008.]

## SAVAGE V. CENTRAL ELECTRIC COMPANY.

1. APPEALS AND ERROR—*Party Bound by Position Taken Below.* One who goes through the trial upon the theory that a certain matter is in issue will not be heard to say, in the court of review, that there was no such issue. (68.)

2. FORMER RECOVERY—*When a Bar.* A judgment bars a second action only when the latter is between the same parties, and upon the same cause of action; or where the second action, being founded upon a cause of action other and different from that involved in the first, the issues presented in the second were in fact involved and determined in the first. (68-70.)

3. —— *Burden of Proof.* The burden of establishing the identity of the issue determined in the former action with that involved in the second is upon the party pleading the bar, when the scope of the former contest does not otherwise appear. (69.)

A servant employed at a monthly salary sued for the salary of a certain month. The answer pleaded a discharge for cause. The servant in his reply set up a judgment in his favor, in an action to recover the salary accrued in a previous month, under the same contract of employment. *Held,* that the causes of action were different, and no evidence being given as to what was in issue and determined in the former action, and this not appearing by the record, that plaintiff had failed to establish his reply. (69.)

4. FOREIGN CORPORATIONS—*Engaged Solely in Interstate Commerce* are not within c. 102 of the acts of 1911. (71.)

*Error to Denver District Court.* Hon. GREELEY W. WHITFORD, Judge.

Messrs. VAN CISE, GRANT & VAN CISE and Mr. JOSHUA GROZIER, for plaintiff in error.

Mr. HENRY HOWARD, JR., Mr. EDWARD L. SHANNON, Messrs. DEFREES, BUCKINGHAM, RITTER & EATON and Mr. DON K. JONES, for defendant in error.

Mr. JUSTICE BAILEY delivered the opinion of the court.

Defendant, The Central Electric Company, is a foreign corporation under the laws of Illinois. By the terms of the written contract in suit, plaintiff, J. A. Savage, engaged to represent it for a period of one year from February 1st, 1910, as a traveling salesman in Colorado and other western states, at a salary of $2,700, payable $225 each month, and necessary traveling expenses, agreeing to give the exclusive use of his services to the company, and not to be directly or indirectly interested in any other business of any nature, during the contract period, without the company's knowledge and consent.

September 24th, 1910, plaintiff brought this action against defendant upon that contract to recover salary and expenses for the month of August, 1910. A default judgment was rendered against defendant, who thereupon appealed to the District Court. Plaintiff interposed a motion in the District Court to dismiss the appeal, challenging defendant's capacity to defend for non-compliance with the Colorado statutes relating to foreign corporations, which was overruled.

While this cause was pending in the District Court a judgment was rendered in favor of plaintiff in the County Court in an action previously begun upon the same contract in a justice's court on August 16th, 1910, without pleadings, for salary and expenses for the month of July, 1910. That judgment was set up by plaintiff in a supplemental complaint filed in the District Court, as *res judicata* of the present controversy. Defendant, by answer to the com-

plaint and supplemental complaint in this suit, set up as a defense that it discharged plaintiff on or about July 7th, 1910, for neglect and failure to attend to business, for using grossly abusive language to his superior employers, and for disrespectful and insubordinate conduct; and further that plaintiff has wholly neglected, failed and refused to perform any services whatsoever for defendant, but has given his time and attention to other matters than to his employment with defendant, contrary to the terms of his contract. These allegations are all denied. A jury was waived, and upon trial to the court the cause was dismissed, at plaintiff's cost, and he brings the record here for review.

It is now contended by plaintiff that the answer contains no sufficient plea of breach of contract. No attempt was made below, either by motion or otherwise, to make the answer more specific, definite and certain. Its averments were put in issue, and plaintiff made no objection to the introduction of evidence by the defendant tending to prove the claimed breach, but, on the contrary, offered evidence at length in denial thereof. The sufficiency of the answer to present the question of a breach of the contract is urged for the first time in this court. The pleading was treated by the parties as presenting that issue, and trial had on that theory, and therefore any insufficiency of the pleading in this respect must be regarded, upon review, as waived. In other words, a party who tries a cause on the theory that a given matter is in issue, when defeated on that proposition, will not thereafter be heard to say there was no such issue. *D. T. & Ft. W. R. R. Co. v. Smock,* 23 Colo. 456, 48 Pac. 681.

The question most seriously urged for reversal arises upon the plea of *res judicata.* It is plainly the theory of plaintiff, in bringing an action for money due under the contract, rather than for damages for breach thereof, that it is in the category of contracts which admit more than one cause of action. He urges that the judgment in the former

proceeding is conclusive, not only of every contention actually offered at the trial in which it was rendered, but of every contention which might have been there offered and litigated, as well. Generally speaking, where the subsequent suit is upon the same cause of action as the former, such rule is applicable. 24 Enc. Law, pp. 781, 784. And if the subsequent suit was upon a different cause of action between the same parties or their privies, if the same issues presented were in fact involved and determined in the former adjudication, which is a fact to be proved by the party relying upon the plea, where the scope of the former contestation does not otherwise appear, the judgment previously rendered would be conclusive upon such issue, the inquiry in such case being as to the identity of issue. 24 Enc. Law, pp. 779, 780, 784, 835. The pleadings here show clearly and definitely that the present and former suits are upon different causes of action.

The answer to the supplemental complaint admitted the previous action upon the contract and judgment therein, but denied all other allegations, thus necessitating proof of them. Where, as here, sufficient facts to constitute *res judicata* do not appear from the record, the burden is upon the one invoking the plea to establish it by competent proof. *Grand Valley Irr. Co. v. Fruita Imp. Co.,* 37 Colo. 483, 86 Pac. 324. This the plaintiff wholly failed to do. For this reason alone he could have no relief under the plea. The decision in the case of *Ornauer v. Penn. Mutual Co.,* 52 Colo. 632, 123 Pac. 650, is conclusive authority for this view. There the contract provided that in case of Ornauer's resignation, death or removal, without having violated any of its terms and conditions, he would be entitled to commissions on renewal premiums paid on certain insurance policies of the company, which he had procured as its soliciting agent. The first action was brought by the agent, after resignation, to recover commissions on renewal premiums, in which he secured judgment. The answer was a general

denial, under which the court refused to admit evidence of a breach of the contract. Later he brought two other actions upon the contract, for premiums accruing subsequent to the date of the filing of the first complaint, in which amended answers were filed alleging as affirmative defenses the conditions of the contract, and their breach by plaintiff. The replication pleaded that the judgment in the first suit was *res judicata* of the affirmative defense in the second and third actions. The actions were consolidated for trial, resulting in a judgment for defendant, the basis of the proceedings for review. The court, speaking through Mr. Justice Gabbert, states the rule as follows:

"As applicable to these cases, the rule *res judicata* is that where the second action between the same parties is upon a different claim or demand, the judgment in the prior action operates as an estoppel only as to those matters in issue, or points controverted, upon the determination of which the judgment was rendered, and not as to other matters which might have been litigated and determined. *Cromwell v. County of Sac,* 94 U. S. 351 (24 L. Ed. 195); *Davis v. Brown, ibid,* 423 (24 L. Ed. 204); *Russell v. Place, ibid,* 606 (24 L. Ed. 214); 2 Black on Judgments, sec. 614; 24 Ency. 784; *Grand Valley I. Co. v. Fruita Imp. Co.,* 37 Colo. 483 (86 Pac. 324); *Hickey v. Anheuser-Busch Brewing Ass'n,* 36 Colo. 386 (85 Pac. 838); *Jacobson v. Miller,* 41 Mich. 90 (1 N. W. 1013).

So that in all cases where it is sought to apply the estoppel of a judgment rendered upon one cause of action to matters arising in a suit upon a different cause of action between the same parties, the inquiry must always be as to the issue actually litigated and determined in the original action, not what might have been thus litigated and determined in the original action, for it is only as to the former that the judgment is conclusive in another action. Each of the cases instituted by plaintiff grew out of the same contract, but the demands or causes of action are different."

From this it is manifest that it was incumbent upon the plaintiff to have shown by evidence, that fact not appearing upon the record, that the issues determined in the first suit were the same as those presented in this one. This the plaintiff did not even attempt to do.

Upon conflicting evidence the trial court found that defendant was engaged solely in interstate commerce within this state, and such finding will not be disturbed. The act of 1911, chapter 102, does not apply to those foreign corporations engaged solely in interstate commerce. *Herman Bros. Co. v. Nasiacos,* 46 Colo. 208, 103 Pac. 301; *International Trust Co. v. Leschen & Sons R. Co.,* 41 Colo. 299, 92 Pac. 727. Even if it may be said that plaintiff could properly raise this question by motion to preclude defendant, instead of by formal plea, a matter of doubtful import, still clearly under the evidence adduced the motion was properly denied.

Other errors assigned are not of substance, and we deem it unnecessary to discuss or consider them. From a careful reading of the record we conclude that it abundantly supports the judgment, which is accordingly affirmed.

*Judgment affirmed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE WHITE concur.

Decided March 1, A. D. 1915. Rehearing denied May 3, A. D. 1915.