[Civ. No. 11625. First Dist., Div. Two. July 17, 1941.]

THOMAS SCHUMACKER et al., as Trustees, etc., Petitioners, v. INDUSTRIAL ACCIDENT COMMISSION, CARRIE KATBERG et al., Respondents

Neumiller & Ditz and R. L. Beardslee for Petitioners.

Everett A. Corten, Rutherford, Jacobs, Cavalero & Dietrich and Richard W. Dickenson for Respondents.

STURTEVANT, J.—Petition for a writ of review.

James Katberg was employed by petitioners, trustees of the Western Pacific Railroad Company, as a car inspector in their Stockton freight yards. On March 7, 1936, while Katberg was working in the yards he was run over and killed by a railroad car. No one knows exactly how the death occurred because there were no witnesses to the accident. Decedent was survived by a wife, Carrie, and seven children. Eva, one of the children, was a minor, eighteen years of age. All of the other children were adults. The surviving widow and the daughter Eva were wholly dependent on the decedent. The record does not show that any of the other children were dependent on deceased or that they had ever received any contributions from him, or had any expectations of such contributions. On December 11, 1936, Carrie Katberg, as administratrix of the decedent's estate, and for the benefit of herself and her children, commenced an action, No. 27,882, in the superior court, under the Federal Employers' Liability Act to recover for the death of her husband from petitioners and other defendants. On March 3, 1937, she filed an amended complaint alleging on information and belief that the decedent and his employers were engaged in interstate commerce at the time of the accident. Petitioners' answer did not deny the allegation of interstate commerce but denied that they were negligent. The action was tried before a jury which returned a general verdict in favor of defendants, petitioners herein,

on November 4, 1937. A judgment was entered upon the verdict, and no appeal was ever taken from the judgment.

On March 3, 1937, the day after Carrie Katberg filed her amended complaint in the superior court, she filed a claim with the Industrial Accident Commission. The hearing was set for March 18, 1937, but was postponed at her request without petitioners' consent. The hearing was finally had on November 20, 1939. It was stipulated that the death arose out of the employment while decedent was working in the yards, that he worked six or seven full days a week earning 72¢ per hour and that Carrie expended $150 on the funeral. The applicant testified she was the wife of the decedent, and that the decedent worked full time. She presented a typewritten statement of his earnings for the past several years. Petitioners introduced in evidence the judgment roll of the superior court action and several stipulations, including one that prior court action had become final. On September 23, 1940, the Industrial Accident Commission found that the death resulted from an industrial injury, that the parties were subject to the Workmen's Compensation Act, that applicants were wholly dependent upon decedent and entitled to a death benefit, and that decedent was engaged in intrastate commerce and the Industrial Accident Commission had jurisdiction over the issues involved. Carrie Katberg was awarded a $5000 death benefit plus $150 funeral expenses. A rehearing was denied on November 9, 1940, and petitioners pray for a writ of review.

The petitioners complain because the respondent commission did not hold that the judgment in the superior court action was *res judicata*. They call to our attention the fact that in the superior court action the plaintiffs alleged at the time of the accident the decedent was employed in interstate commerce, that the petitioners did not deny said allegation, and judgment was rendered in their favor. The petitioners rest on the rule stated in 23 Cyc. 1215. It is as follows: "A fact or question which was actually and directly in issue in a former suit, and was there judicially passed upon and determined by a domestic court of competent jurisdiction, is conclusively settled by the judgment therein, so far as concerns the parties to that action and persons in privity with them, and cannot be again litigated in any future action between such parties or privies, in the same court or in any other

court of concurrent jurisdiction, upon the same or a different cause of action.'' It is the same rule as stated in 34 C. J. 868. They vigorously contend that the judgment in the superior court action was *res judicata* that the decedent at the time of his accident was employed in interstate commerce. The respondent commission does not question that the rule is correctly stated (*Cromwell* v. *County of Sac*, 94 U. S. 351 [24 L. Ed. 195]), but it contends the rule is not applicable to the facts of this case. That contention, we think, must be upheld.

■ As stated above the rule stated in 23 Cyc. 1215 is almost a direct quotation from *Cromwell* v. *County of Sac, supra*. In that case Mr. Justice Field, speaking for the court, at page 352 says: ''In considering the operation of this judgment, it should be borne in mind, as stated by counsel, that there is a difference between the effect of a judgment as a bar or estoppel against the prosecution of a second action upon the same claim or demand, and its effect as an estoppel in another action between the same parties upon a different claim or cause of action. In the former case, the judgment, if rendered upon the merits, constitutes an absolute bar to a subsequent action. It is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose.'' Continuing, on page 353, he said: ''But where the second action between the same parties is upon a different claim or demand, the judgment in the prior action operates as an estoppel only as to those matters in issue or points controverted, upon the determination of which the finding or verdict was rendered. In all cases, therefore, where it is sought to apply the estoppel of a judgment rendered upon one cause of action to matters arising in a suit upon a different cause of action, the inquiry must always be as to the point or question actually litigated and determined in the original action, not what might have been thus litigated and determined. Only upon such matters is the judgment conclusive in another action.'' It was the latter paragraph that served as a basis for framing 23 Cyc. 1215. The rule stated in the second quotation has never been controverted so far as we have noted. In this state the case has been cited many

times as a correct statement of the rule. (*Maddux* v. *County Bank*, 129 Cal. 665, 669 [62 Pac. 264, 79 Am. St. Rep. 143]; *Phelan* v. *Quinn*, 130 Cal. 374, 378 [62 Pac. 623]; *Estate of Blake*, 157 Cal. 448, 457 [108 Pac. 287].) Furthermore the rule was, on the adoption of the codes, incorporated therein. (Code Civ. Proc., sec. 1911.) As so codified the rule is as follows: "What deemed adjudged in a judgment. That only is deemed to have been adjudged in a former judgment which appears upon its face to have been so adjudged, or which was actually and necessarily included therein or necessary thereto." A comparison shows that the rule as stated in our statute does not vary in any material respect from the rule as stated in 94 U. S. 353. That rule was further discussed by the same court in *Russell* v. *Place*, 94 U. S. 606 [24 L. Ed. 214]. On page 608 the court said: "It is undoubtedly settled law that a judgment of a court of competent jurisdiction, upon a question directly involved in one suit, is conclusive as to that question in another suit between the same parties. But to this operation of the judgment it must appear, either upon the face of the record or be shown by extrinsic evidence, that the precise question was raised and determined in the former suit. If there be any uncertainty on this head in the record,—as, for example, if it appear that several distinct matters may have been litigated, upon one or more of which the judgment may have passed, without indicating which of them was thus litigated, and upon which the judgment was rendered,—the whole subject-matter of the action will be at large, and open to a new contention, unless this uncertainty be removed by extrinsic evidence showing the precise point involved and determined. To apply the judgment, and give effect to the adjudication actually made, when the record leaves the matter in doubt, such evidence is admissible."

 The plaintiffs alleged in action No. 27,882 that the decedent at the time he met his death was engaged in interstate commerce. The petitioners did not deny said allegation and, by not denying, admitted it. Manifestly said allegation was not adjudicated or determined in said action. (*Jacobson, et al.* v. *Miller*, 41 Mich. 90 [1 N. W. 1013].) The opinion in the cited case was written by Mr. Justice Cooley. Miller, the owner of certain lands, brought an action to recover rent from Gunzburg and Jacobson. He alleged the rents had accrued between October 15, 1875, and April 9, 1877, under the terms

of a lease from himself to said defendants. The latter pleaded the general issue, but did not deny under oath the execution of the lease. Judgment was awarded to the lessor. Later the latter sued for rents accruing between July, 1877, and April, 1878. Jacobson alone appeared and in his answer denied he ever signed, executed, or delivered the lease. The plaintiff then pleaded the judgment in the first action. On the trial the defendant objected to the admission of the judgment, insisting that the prior judgment did not involve the lease and was therefore not admissible. Speaking of the effect of that, on page 1018 Mr. Justice Cooley said: ''Now the rule under which the first suit between these parties was put at issue provided that the plaintiff shall not be put to the proof of the execution of a written instrument declared upon unless its execution is denied by the defendant under oath. Pleading the general issue, without such denial, the defendant could contest only those matters which were consistent with the execution of the lease. The narrow issue excluded that fact, and for the purpose of the suit conceded it. *Peoria, etc., Ins. Co.* v. *Perkins,* 16 Mich. 380, 384. Had the jury returned a special verdict, finding among other things that the lease had been executed, that portion of the finding would have been surplusage and had they negatived its execution, the negation would have been stricken out as being outside the issue. But if the fact was one with which neither court nor jury could concern itself, in the former case, it must be one that the judgment does not conclude, except so far as is necessary to uphold the judgment. It was admitted for the purposes of that controversy, but not for the purposes of any other.'' (See also, Van Fleet's Collateral Attack, p. 16.) The decision in the Jacobson case is probably the leading case in America on the point involved. An examination of the books discloses that it has been cited and followed in many different cases. Among others, *MacKenzie* v. *Union Guardian Trust Co.* (1933), 262 Mich. 563 [247 N. W. 914]. In that case numerous other authorities were also cited showing that there is no disagreement as to the rule. While sitting on the Circuit Court, Mr. Justice Taft, in *City of Detroit* v. *Detroit City Ry. Co.,* 56 Fed. 867, 893, cited and followed the case. Mr. Justice Cardozo, sitting on the Court of Appeals at New York in 1929, made an extended examination of the point involved and cited and followed the Jacobson case in his opinion written in *Schuykill Fuel Corp.* v. *B. & C. Nieberg Realty Corp.,* 250

N. Y. 304 [165 N. E. 456, 458]. (See also, *Ornauer* v. *Penn Mut. Life Ins. Co.*, 52 Colo. 632 [123 Pac. 650, 651] ; *Savage* v. *Central Electric Co.*, 59 Colo. 66 [148 Pac. 254, 255] ; and *Tudor* v. *Kennett*, 87 Vt. 99 [88 Atl. 520, 522].)

The petitioners concede that on the face of the judgment the issue of interstate or intrastate commerce was not adjudged. But they earnestly contend that the allegation, in plaintiffs' complaint, that deceased was injured while he was engaged in interstate commerce, was the allegation of a jurisdictional fact; that jurisdiction of the subject matter may not be conferred by the consent of the parties; that, notwithstanding petitioners admitted said allegation by failing to deny it, the pleadings were not conclusive on the trial court; that the latter was bound to hear and determine the fact; and that such determination was absolutely necessary to the validity of the judgment. Conceding for the moment each of those contentions to be sound, the position of the petitioners is not helped. The verdict was in favor of petitioners and was general. Nothing to the contrary appearing on the face of the record, it will be presumed the judgment decided every allegation in plaintiffs' complaint against them and in favor of petitioners. So construing the judgment, it was a holding the accident happened in intrastate and not interstate commerce. But the contentions of petitioners are too broad. The record does not show it was necessary in the superior court action to determine the issue. That is so because, (1) the issue was admitted; (2) conceding said allegation was of a jurisdictional fact, the record does not show that anything arose making it necessary for the trial court to inquire into the truth of said admitted allegation; and (3) although the allegation was of a jurisdictional fact, and although it was admitted, the trial court was not bound to ignore the admission and make inquiry into the subject.

In action No. 27,882 the issue of interstate commerce does not appear on the face of the judgment to have been adjudged —but it was admitted. Nor was it actually and necessarily included therein. That is so because the record does not show the contrary—the judgment might have rested wholly on the fact that no negligence was proved. Nor was such issue necessary to the judgment, that is also true because the record does not show the contrary. As there were several distinct issues involved, it is clear it was not made to appear either

upon the face of the record nor shown by extrinsic evidence that the precise question was raised and determined. Hence the rule as stated in Code Civ. Proc., sec. 1911, was not met.

In their supplemental brief the petitioners seem to question the rule as stated in *Jacobson, et al.* v. *Miller, supra.* They cite and quote from *Metcalf* v. *Gilmore*, 63 N. H. 174, 189–190; *Steck* v. *Board of Education*, 15 N. J. L. 261 [15 Atl. (2d) 454]; *Johnson* v. *Fontana County F. P. Dist.*, 15 Cal. (2d) 380 [101 Pac. (2d) 1092]. No one of those cases sustains the claims of the petitioners. In the Metcalf case the issue admitted was not necessary to a determination of the action in which the judgment was rendered. No evidence was offered thereon. To prove that fact a bill of exceptions in due form was introduced in evidence in the second action. In the Steck case and in the Johnson case the issue admitted was absolutely necessary to the judgment offered as *res judicata.*

Not waiving their contention that said judgment was *res judicata,* the petitioners assert that it was an estoppel. In that assertion we think they are clearly mistaken. (Bigelow on Estoppel, 100.)

■ The petitioners also contend that the respondents erred to the substantial prejudice of petitioners in excluding evidence. That point is based on the fact that before the respondent commission the petitioners sought to introduce a stipulation made by counsel when opening the trial of action No. 27,882. That stipulation was to the effect that the accident happened while engaged in interstate commerce. But the commission received in evidence the judgment in action No. 27,882. As the pleadings in said action admitted the fact, it is difficult to see how the stipulation was anything but cumulative. But even if the ruling was erroneous, the error would not support a judgment of annulment.

■ The respondent commission made a finding to the effect that the accident happened when the decedent was engaged in intrastate commerce. The petitioners claim there was no evidence to support the finding. We think they are mistaken. The evidence clearly showed that the accident happened in the railroad yard at Stockton. Nothing to the contrary appearing, it will be presumed it happened in intrastate commerce. However, the petitioners had introduced the judgment roll in the action in the superior court. That record showed an admission that the accident happened in inter-

state commerce. The most that can be said is that the evidence was conflicting. ■ But this court may not annul an award made by the respondents merely because the evidence is conflicting.

The award is affirmed.

Nourse, P. J., and Spence, J., concurred.

A petition for a rehearing was denied August 16, 1941, and petitioners' application for a hearing by the Supreme Court was denied September 11, 1941.